# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**JERRY L. MAYNARD,**

    **Plaintiff**,

v.

**COMBINED INSURANCE COMPANY OF AMERICA,**

    **Defendant**.

**Civil Action No. 3:25-cv-00234
(Removal from Circuit Court of Wayne County,
Civil Action No. CC-50-2025-C-30)**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441(b) and 1446, the Defendant Combined Insurance Company of America ("Combined"), by counsel, gives notice of removal of the above-captioned action from the Circuit Court of Wayne County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support thereof, Combined states as follows:

### I. NATURE OF REMOVED ACTION

1. On or about March 3, 2025, Plaintiff filed a complaint to commence a civil action in the Circuit Court of Wayne County, West Virginia, Civil Action No. CC-50-2025-C-30, naming Combined as Defendant.

2. In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process, pleadings, and orders served upon Combined in the state court action are attached hereto as **Exhibit A**.

### II. TIMELINESS OF REMOVAL

3. This civil action was filed on March 3, 2025, and Combined was served with process through the West Virginia Secretary of State on March 11, 2025. In accordance with the

requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (rejecting "receipt rule" and holding that 30-day removal period begins to run upon service of summons and complaint).

### III. Propriety of Venue

4. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district, and this division is the point of holding court for the Circuit Court of Wayne County, West Virginia.

### IV. Basis of Removal

5. Removal in this case is proper pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. In this case, federal jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a), as this civil action is a matter between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A. Diversity of Citizenship**

7. Upon information and belief, Plaintiff is a citizen and resident of Genoa, Wayne County, West Virginia.

8. Therefore, upon information and belief, Plaintiff is a West Virginia citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

9. Defendant Combined is incorporated under the laws of the State of Illinois with its principal place of business in Illinois.

10. A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11. Therefore, Combined is not a West Virginia citizen for purposes of diversity

12. The complaint does not assert a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1).

13. Based upon the foregoing, there is complete diversity of citizenship between Defendant, a citizen of a state other than West Virginia, and Plaintiff who is a citizen of West Virginia.

**B. Amount in Controversy**

14. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

15. Specifically, the disability insurance policy at issue has a benefit of $2,500.00 per month for 2 years, with an elimination period of 30 days, for a total of $60,000.00. [Disability Policy, attached hereto as **Exhibit B**]. Upon information and belief, Combined has issued disability payments in the amount of $23,666.66, such that $36,333.33 in disability benefits is at issue in this litigation.

16. The subject disability policy also provides for the waiver of premium if the insured is totally disabled for more than 90 consecutive days until the end of the maximum benefit period. [Exhibit B]. Also upon information and belief, Combined has issued "waiver of premium payments" in the amount of $1,604.04, such that $2,262.84 in waiver of premium payments is at issue in this litigation.

17. Thus, upon information and belief, $38,596.17 is at issue in this litigation under the subject disability policy.

18. Plaintiff further demands payment of attorneys' fees and costs. *Complaint* at 5 (Demand for Relief). Pursuant to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 80 (1986), "[p]resumptively, reasonable attorneys' fees in this type of case are one-third of the face amount of the policy, unless the policy is extremely small or enormously large." One-third of $38,596.17 is $12,865.39. Added together, the total is $51,454.56.

19. Additionally, Plaintiff's request for punitive damages further augments the amount in controversy. *See Complaint*, at 5 (Demand for Relief). "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 557 (S.D. W. Va. 2000) (Haden, J.). For example, in *Bryant*, this Court concluded that the amount in controversy was met by adding a punitive damage award to special damages of $4,605.75 for medical expenses and $2,899.65 for lost wages. *Id.* at 556.

20. Pursuant to W. Va. Code 55-7-29(c), "The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater.

21. While Combined denies all liability, to the extent Plaintiff proves his allegations demanding compensatory damages, attorneys fees and costs, and a single-digit multiplier for punitive damages, the $75,000 amount controversy is satisfied.

22. Therefore, in considering the damages claimed in this action, the $75,000 amount in controversy is easily satisfied.

## V. STATEMENT OF CONSENT TO REMOVAL

23. Combined is the only named Defendant; therefore, no one must join in or consent to the removal of the action. 28 U.S.C. §1446(b)(2)(A).

## VI. OTHER REMOVAL ISSUES

24. Pursuant to 28 U.S.C. § 1446(a) and L.R. Civ. P. 3.4(b), a copy of all process, pleadings, and orders served upon the Defendant is attached hereto as "Exhibit A" along with a copy of the docket sheet from the Circuit Court of Wayne County, West Virginia.

25. By filing this Notice of Removal, Combined does not waive any available defense and expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

26. A Notice of Filing of Notice of Removal will be filed this day with the Circuit Clerk of Wayne County, West Virginia and served on the Plaintiff.

WHEREFORE, Combined, by counsel, respectfully advises that this civil action has been removed from the Circuit Court of Wayne County, West Virginia, to the United States District Court for the Southern District of West Virginia, and that this Court shall assume jurisdiction over this action.

COMBINED INSURANCE COMPANY OF AMERICA,

By Counsel:
/s/*Michelle E. Gaston*
Michelle E. Gaston (WVSB #7494)
Scott W. Andrews (WVSB #5772)
Steptoe & Johnson PLLC
825 Third Avenue, Suite 400
Huntington, West Virginia 25701
(304) 522-8290
(304) 526-8089 fax
Michelle.gaston@steptoe-johnson.com
scott.andrews@steptoe-johnson.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**JERRY L. MAYNARD,**

      **Plaintiff**,

**v.**

**COMBINED INSURANCE COMPANY OF AMERICA,**

      **Defendant**.

**Civil Action No. 3:25-cv-00234
(Removal from Circuit Court
of Wayne County,
Civil Action No. CC-50-2025-C-30)**

## CERTIFICATE OF SERVICE

    I hereby certify that the undersigned has this day, the 10th day of April, 2025, filed the foregoing **"Notice of Removal"** via electronic filing, which will send a copy and service notification to the following:

Kenneth P. Hicks, Esq.
Jared T. Hicks, Esq.
KENNETH P. HICKS, L.C.
742 Fourth Avenue
Huntington, WV  25701
*Counsel for Plaintiffs*

                */s/Michelle E. Gaston*

25753658.1