IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JERRY L. MAYNARD,

           Plaintiff,

v.                              CIVIL ACTION NO. 3:25-0234

COMBINED INSURANCE
COMPANY OF AMERICA,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

After Plaintiff filed this action, Defendant moved to dismiss some of the counts in Plaintiff's Amended Complaint. *See* ECF 31. Plaintiff filed a Response to Defendant's Motion, and Defendant filed a Reply. *See* ECF Nos. 32, 36. Plaintiff then filed a Motion for Leave to File Sur-Reply (ECF 38).

While surreplies are "highly disfavored," they "may be permitted when an opposing party raises an argument for the first time in a reply brief and the movant would otherwise be unable to address it." *Burnett v. BJ's Wholesale Club*, 722 F.Supp.3d 566, 580 (D. Md. 2024) (cleaned up).

Plaintiff argues that he should be permitted to file a surreply because Defendant's Reply raised, for the first time, the argument that Plaintiff lacks standing to pursue certain claims. *See* ECF 38 at 1. This is patently false. Not only did Defendant raise this argument in the Memorandum of Law that accompanied its Motion to Dismiss, *see* ECF 31 pt. IV. B, but Plaintiff addressed it in his Response, *see* ECF 33 pt. IV. The Court **DENIES** Plaintiff's Motion for Leave to File Sur-Reply (ECF 38).

Defendant asks the Court for "an award of . . . attorney fees and costs incurred in

responding to [Plainitff's] Motion . . . ." Since Defendant has not identified any legal basis for such relief, the Court **DENIES** Defendant's request.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     October 29, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE