IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JERRY L. MAYNARD,

           Plaintiff,

v.                                    CIVIL ACTION NO. 3:25-00234

COMBINED INSURANCE
COMPANY OF AMERICA,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Combined Insurance Co.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF 30). For the reasons stated below, the Court **GRANTS** the Motion in part and **DENIES** the Motion in part.

## BACKGROUND

Plaintiff Jerry L. Maynard's Amended Complaint alleges that Defendant sold Plaintiff a long-term disability insurance policy. *See* Amend. Compl., ECF 23 ¶ 2. Count I of the Complaint claims that Defendant breached its contract with Plaintiff by failing to pay benefits to Plaintiff. *See id.* ¶ 15. Count II alleges that Defendant's handling of Plaintiff's benefits claim violated the West Virginia Unfair Trade Practices Act ("UTPA").[1] *See id.* at 4. Count III asserts that Defendant's actions "amount to first party 'bad faith . . . .'" *See id.* at 5.

Defendant's Motion asks the Court to dismiss Counts II and III of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 31 at 3.

---

[1] Plaintiff's Amended Complaint refers to this Act as the "Unfair Claim Settlement Practices Act." The Act's official name is the "Unfair Trade Practices Act." *See* H.B. 718, 1974 Legis., Reg. Sess. (W. Va. 1974).

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

**ANALYSIS**

First, it is worth noting that the Court has only considered the parties' legal arguments and the Plaintiff's Amended Complaint in ruling on Defendant's Motion. The Court has disregarded the report Plaintiff attached to his Response to Defendant's Motion (ECF 32-1) since "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 463 Fed. App'x 348, 352 (4th Cir. 2012) (per curiam) (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).

**A. Count II**

Defendant argues that Count II should be dismissed for three reasons: (1) Plaintiff's breach-of-contract claim has not yet been resolved in Plaintiff's favor, (2) Plaintiff lacks standing to sue Defendant for violating the UTPA, and (3) Count II does not plead sufficient facts to state a claim. The Court discusses each argument in turn.

   *i. The Underlying Claim Need Not Be Resolved in Plaintiff's Favor*

Defendant asserts that, "to maintain an action under the UTPA, a plaintiff must first have a resolution of the underlying claim in his favor." ECF 31 at 4. The case Defendant cites in support

of this proposition, however, explicitly *authorizes* UTPA suits where the plaintiff has not yet prevailed on their underlying claim. *See McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 519 (W. Va. 1996). Accordingly, the Court will not dismiss Count II on this basis.

    *ii.   Plaintiff Does Not Lack Standing to Pursue UTPA Claims*

Defendant also argues that Count II should be dismissed because Plaintiff lacks standing to pursue claims under the UTPA. *See* ECF 31 pt. IV.B. In support of this argument, Defendant points to two cases—*State ex rel. West Virginia Mut. Ins. Co v. Salango* and *State ex rel. State Auto Prop. Ins. Cos. v. Stucky*—in which the West Virginia Supreme Court held that insureds under liability-insurance policies lacked standing to sue their insurers for certain UTPA violations. *See Salango*, 866 S.E.2d 74, 82 (W. Va. 2021); *Stucky*, 806 S.E.2d 160, 166–67 (W. Va. 2017).

The Court does not agree that Plaintiff lacks standing here. This case deals with disability insurance, not liability insurance. The Court is not inclined to apply *Salango* and *Stucky*'s holdings to disability-insurance disputes, as both cases turned on the meaning of the word "claim" in the liability-insurance context. *See Salango*, 866 S.E.2d at 82; *Stucky*, 860 S.E.2d at 166. Accordingly, the Court will not dismiss Count II on standing grounds.

    *iii.   Parts of Count II Lack a Sufficient Factual Basis*

According to Defendant, "the Amended Complaint . . . fails to allege the elements of [P]laintiff's claim." ECF 31 at 4. Since Count II alleges that Defendant violated five different subparagraphs of the UTPA, the Court will analyze the Complaint's sufficiency with respect to each subparagraph. Then, the Court will discuss the "general business practice" element, which is common to each violation.

\*      \*      \*

1. Subparagraph (b)

W. Va. Code § 33-11-4(9)(b) prohibits "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies . . . ." Here, Plaintiff has alleged that Defendant failed to respond to Plaintiff's communications and requests for policy information. *See* Amend. Compl. at 4. Accordingly, Plaintiff has plausibly alleged a subparagraph (b) violation.

2. Subparagraphs (c) and (d)

Subparagraph (c) prohibits "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies . . . ." Subparagraph (d), meanwhile, prohibits "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information . . . ."

Plaintiff has plausibly alleged violations of subparagraphs (c) and (d). The Amended Complaint alleges that Defendant failed to provide reasons for denying Plaintiff's claim for benefits. *See* Amend. Compl. at 4. This allegation allows the Court to infer that (1) Defendant denied Plaintiff's claim without conducting a reasonable investigation and (2) Defendant lacks reasonable standards for the prompt investigation of claims. If Defendant had adopted and implemented such standards, and had conducted a reasonable investigation, it should have been easy for Defendant to provide Plaintiff with a justification for denying his claim.

3. Subparagraph (e)

Section 33-11-4(9)(e) prohibits "[f]ailing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed . . . ." Nothing in the Complaint allows the Court to infer that Defendant failed to affirm or deny coverage within a reasonable time. Accordingly, the Court will dismiss Count II's subparagraph (e) claim.

4. Subparagraph (f)

Section 33-11-4(9)(f) prohibits "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear . . . ."

Plaintiff has plausibly alleged a subparagraph (f) violation. While Plaintiff's allegation that Defendant "fail[ed] to fairly negotiate and resolve the Plaintiff's claims," Amend. Compl. at 4, is conclusory, Defendant's alleged failure to respond to Plaintiff's communications allows the Court to infer that Defendant did not attempt, in good faith, to effectuate prompt, fair, and equitable settlement of Plaintiff's claim. Also, since Plaintiff alleged that he was "permanently disabled and unable to work" when Defendant denied his claim, Amend. Compl. ¶ 11, it is plausible that Defendant's liability was reasonably clear.

5. General Business Practice

To maintain an action pursuant to W. Va. Code § 33-11-4(9), a plaintiff must show that the conduct complained of was part of a "general business practice." Sly. Pt. 3, *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996). To make this showing, a plaintiff must allege "more than a single violation . . . ." *Id.* at 9. "[S]eparate, discrete acts or omissions, each of which constitute violations of different sub-paragraphs of [§ 33-11-4(9)], may . . . demonstrate a general business practice in the handling of a single claim . . . ." *Id.* at 12–13.

As discussed above, the Amended Complaint alleges that Defendant did not respond to certain communications. This, in turn, allows the Court to infer that Defendant failed to (1) adopt and implement reasonable investigation standards, (2) conduct a reasonable investigation of Plaintiff's claim, and (3) make a good-faith attempt to settle with Plaintiff.

Plaintiff, then, has plausibly alleged four separate, discrete omissions by Defendant that each constitute violations of different subparagraphs of § 33-11-4(9). It is therefore plausible that

5

Defendant's alleged misconduct with respect to Plaintiff's insurance claim was part of a general business practice.

Since Plaintiff has adequately alleged the "general business practice" element, the Court will deny Defendant's Motion with respect to Plaintiff's claims under subparagraphs (b), (c), (d), and (f).

### B. Count III

Defendant argues that Count III should be dismissed for two reasons: (1) Plaintiff's breach-of-contract claim has not yet been resolved in Plaintiff's favor, and (2) Count III does not plead sufficient facts to state a claim. The Court addresses each argument in turn.

#### i. The Underlying Claim Need Not Be Resolved in Plaintiff's Favor

Defendant argues that Count III must be dismissed because, "[b]efore a bad faith claim may be pursued, the underlying claim must be resolved." ECF 31 at 6. While "[a] prerequisite for any first-party bad faith action is an underlying claim for coverage," *State ex rel. Universal Underwriting Ins. Co. v. Wilson*, 801 S.E.2d 216, 223 (W. Va. 2017), Defendant has pointed to no authority suggesting that the underlying claim must be resolved before a plaintiff can sue for bad faith. Also, federal courts in West Virginia have routinely held that breach-of-contract and common-law bad-faith claims may be "litigated in tandem." *Ware v. State Farm Mut. Auto. Ins. Co.*, No. 2:24-cv-00722, 2025 WL 2588506, at *3 & n.3 (S.D. W. Va. Sept. 5, 2025) (collecting cases); *see Abraham Linc Corp. v. Spinnaker Ins. Co.*, No. 1:23-CV-98, 2024 WL 3433661, at *8–9 (N.D. W. Va. July 16, 2024). Accordingly, the Court will not dismiss Count III on this basis.

\*       \*       \*

      *ii.*    *Count III Does Not Lack a Sufficient Factual Basis*

Defendant also asserts that Count III should be dismissed because the Amended Complaint "does not allege or state how Defendant allegedly committed 'Bad Faith'" or "allege the elements of a 'Bad Faith' claim." ECF 31 at 6 (quoting ECF 6 at 49).

An insurer engages in bad faith under West Virginia law when it breaches its "common law duty of good faith and fair dealing . . . ." *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893, 896 (W. Va. 1988).[2] According to Plaintiff, "[t]he facts—permanent disability . . . [and] cessation without any denial letter or explanation—support an inference" that Defendant engaged in bad faith. ECF 33 at 8. The Court agrees. Defendant's alleged failure to respond to Plaintiff's communications plausibly constitutes bad faith. Accordingly, the Court will deny Defendant's Motion with respect to Count III.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF 30). The Court **DISMISSES** Count II of the Amended Complain **without prejudice insofar as it alleges a violation of W. Va. Code § 33-11-4(9)(e)**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                                 ENTER:      October 29, 2025

                                                     ROBERT C. CHAMBERS
                                                     UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts that an insurer is liable for bad faith when it "acts with actual malice in denying benefits." ECF 33 at 7. Plaintiff seems to be confusing the standard for bad faith with the standard for punitive-damages liability. *See generally* Syl. Pt. 2, *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986).