IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JERRY L. MAYNARD,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:25-00234

COMBINED INSURANCE
COMPANY OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Bifurcate and Stay (ECF 44). For the reasons stated below, the Court **DENIES** the Motion.

Plaintiff's Amended Complaint alleges that Defendant breached its insurance contract, acted in bad faith, and violated the West Virginia Unfair Trade Practices Act ("UTPA"). *See* ECF 23, Amend. Compl. at 2, 4. According to Defendant, "a determination of whether Combined breached its contract with Plaintiff could be determinative of the issue of whether Combined committed bad faith or violated the UPTA [sic]." ECF 45 at 2. Accordingly, Defendant asks the Court to stay discovery on the bad-faith and UTPA claims until Defendant's contract liability has been established. *See* ECF 44 at 1.

Federal Rule of Civil Procedure 42(b) authorizes a court to order a separate trial for separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." In *Light v. Allstate Ins. Co.*, the West Virginia Supreme Court held that courts should consider the following "in determining whether to stay discovery . . . in a bad faith action,":

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if

discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.[1]

506 S.E.2d 64, 72 (W. Va. 1998).

First, there are only two parties in this action, so the first *Light* factor counsels against granting Defendant's Motion. *See Azar v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 2:22-cv-00427, 2023 WL 145419, at *2 (S.D. W. Va. Jan. 10, 2023).

Second, the facts and claims at issue do not seem complex. Plaintiff's contract claim stems from a single denial of benefits, and Plaintiff's bad-faith and UTPA claims are unlikely to add so much complexity that they justify bifurcation and delayed discovery. *See id.*

Third, bifurcation and delay would likely unduly prejudice Plaintiff. Bifurcated discovery will be inefficient, and therefore more costly, even if "it is unlikely that discovery on the coverage issue would significantly overlap with discovery on the bad faith claims." ECF 49 at 9. Also, delaying discovery may delay settlement.

Fourth, delaying discovery could mean that separate juries hear the bifurcated cases, so the fourth *Light* factor counsels against granting Defendant's Motion.

Fifth, partial discovery on the bad-faith claim is likely feasible, so the fifth *Light* factor weighs in Defendant's favor.

Sixth, bifurcation and staying discovery could burden the Court by requiring two jury trials instead of one and increasing the number of discovery disputes the Court needs to resolve. *See*

---

[1] Plaintiff says *Light* provides "the controlling standard for first-party bifurcation/stay." ECF 46 at 6. Plaintiff is mistaken. "[A] district court is . . . not bound by state law when deciding whether to bifurcate." *Plyler v. Cox*, 145 F.4th 501, 513 (4th Cir. 2025) (quoting *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020)). This Court, however, has found it useful to apply the *Light* factors in past cases, *see, e.g.*, *Caffin v. Watford*, Civ. A. No. 3:08–0791, 2009 WL 772916, at *2 (S.D. W. Va. Mar. 18, 2009), and it will do so here.

*Azar*, 2023 WL 145419, at *3. Simultaneous discovery could also make it easier to resolve dispositive motions. *See id.*

Overall, the *Light* factors weigh in favor of denying Defendant's Motion. Also, this Court has routinely denied motions to bifurcate and stay in similar cases. *See, e.g.*, *Sheppard v. Direct Gen. Ins. Co.*, Civ. A. No. 3:16-11418, 2017 WL 11249431 (S.D. W. Va. June 19, 2017); *see also Azar*, 2023 WL 145419, at 4 (collecting cases in this district reaching the same conclusion). Accordingly, the Court **DENIES** Defendant's Motion to Bifurcate and Stay (ECF 44).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   December 1, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE